## UNITED STATES

### v.

### Airman First Class Timothy R. LARSON, FR502–74–0360, United States Air Force.

### ACM 30156.

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 April 1992.

Decided 17 Dec. 1993.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Colonel Mark Friedlander, Major Mary C. Yastishock, and Captain David D. Jividen.

Appellate Counsel for the U.S.: Lieutenant Colonel Jeffery T. Infelise and Major John H. Kongable.

Before HEIMBURG, Senior Judge, and YOUNG and PEARSON, Appellate Military Judges.

### OPINION OF THE COURT

YOUNG, Judge:

Appellant pled guilty before a general court-martial to using methamphetamine, marijuana, and hashish; possessing and distributing methamphetamine; and obstructing justice. Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a, 934 (1988). Members sentenced him to a bad-conduct discharge, confinement for 48 months, forfeiture of $380 pay per month for 48 months, and reduction to E–1. In accordance with a pretrial agreement, the convening authority reduced the period of confinement to 2 years, but otherwise approved the adjudged sentence. Appellant asserts that providing a false statement for another member's nonjudicial punishment proceeding is a legally insufficient basis for a conviction of obstructing justice. We disagree and affirm.

On 27 January 1992, Airman ML's commander served notice of his intent to impose nonjudicial punishment on him, pursuant to Article 15, UCMJ, 10 U.S.C. § 815(b) (1988), for wrongfully using hashish with appellant. A few days later, Airman ML told appellant "he was getting an Article 15 for using hash" and asked appellant to write a false statement covering for him. Appellant wrote a statement saying he and Airman ML had never used drugs together. Appellant knew his statement was false because he used hashish with Airman ML in December 1990. He gave this statement to Airman ML with the understanding that Airman ML would use it in his nonjudicial punishment proceeding. Appellant argues that his guilty plea should be set aside because Airman ML's nonjudicial punishment proceeding was not a

pending *criminal* proceeding as required by one of the elements of the offense.

One of the elements of the Article 134 offense of obstructing justice is that the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending. *United States v. Finsel,* 36 M.J. 441, 443 (C.M.A.1993); *United States v. Athey,* 34 M.J. 44, 47–48 (C.M.A.1992); *United States v. Turner,* 33 M.J. 40, 42 (C.M.A.1991); *United States v. Guerrero,* 28 M.J. 223, 227 (C.M.A.1989); MCM, Part IV, ¶ 96b (1984). The offense of obstruction of justice "concerns itself with protecting the administration of justice in the military system." *Turner,* 33 M.J. at 42, (quoting *United States v. Long,* 2 U.S.C.M.A. 60, 65, 6 C.M.R. 60, 65 (1952) and citing *Guerrero,* 28 M.J. at 227). Thus, we must determine whether Airman ML's nonjudicial punishment action was a criminal proceeding which was meant to be protected by the obstruction of justice offense.

Even before the currently recognized elements of obstruction of justice were established by case law or described in the Manual for Courts–Martial, the Army Court of Military Review held that "to obstruct the administration of Article 15 punishment necessarily is an interference with the administration of military justice" and is an offense under Article 134. *United States v. Delaney,* 44 C.M.R. 367, 368 (A.C.M.R.1971), *cited with approval in United States v. Asfeld,* 30 M.J. 917, 926 (A.C.M.R.1990). The Manual for Courts–Martial issued since the *Delaney* decision has adopted this view of the law. It specifically provides that the term "criminal proceedings includes nonjudicial punishment proceedings...." MCM, Part IV, ¶ 96c (1984).

Nonjudicial punishment is a statutorily authorized method by which commanders may impose upon their subordinates "disciplinary punishments for minor offenses without the intervention of a court-martial...." Article 15(b), UCMJ. The statute further provides that, "except for members attached to or embarked in a vessel, punishment may not be imposed upon any member of the armed forces under this article if the member has, before the imposition of such punishment, demanded trial by court-martial in lieu of such punishment." Article 15(a), UCMJ, 10 U.S.C. § 815(a) (1988). Thus, only offenses punishable under the *punitive articles* of the UCMJ may be punished by nonjudicial punishment. MCM, Part V, ¶ 1e (1984); *see also* Air Force Regulation 111–9, *Nonjudicial Punishment Under Article 15, Uniform Code of Military Justice,* ¶ 2e (July 1990). "Although Article 15 punishment is termed nonjudicial, it is patent that it is punitive in nature ..." and is an integral part of the administration of justice in the military system established by the UCMJ. *Delaney,* 44 C.M.R. at 368.

We have examined *Delaney* and the Manual for Courts–Martial description and explanation of the elements of obstructing justice and compared them with the case law that has followed, as well as the authority, nature, and purpose of the nonjudicial punishment procedure. We find no inconsistency. Therefore, we conclude that the nonjudicial punishment procedure in the United States Air Force is a criminal proceeding for the purpose of the offense of obstructing justice.

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of appellant was committed. Articles 59(a), 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and approved sentence are

AFFIRMED.

Senior Judge HEIMBURG and Judge PEARSON concur.